### KID HUMPHRIES v. THE STATE.

#### No. 313. Decided January 19, 1910.

**Unlawfully Carrying a Pistol—Charge of Court—Reasonable Doubt—Burden of Proof.**

Where, upon trial of unlawfully carrying a pistol, the defense was that defendant carried said pistol to his home, and the court required in his charge that the defendant must prove his defense beyond a reasonable doubt, there was reversible error.

Appeal from the County Court of McLennan. Tried below before the Hon. Tom L. McCullough.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

*Williams & Williams,* for appellant.—Cited Melton v. State, 47 Texas Crim. Rep., 451, 83 S. W. Rep., 822.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Kid Humphries was convicted in the court below of carrying on and about his person a pistol and his punishment assessed at $100 fine and thirty days in jail.

The facts as disclosed from the record show that on the night of the 2d day of December, 1907, R. C. Buchanan, a police officer in the city of Waco, arrested appellant while sitting in a restaurant eating supper. Sitting at the same table with the appellant was a girl who is claimed to be a common prostitute. The officer arrested the appellant and the girl because appellant was found in company with a lewd woman, which was made a violation of the city ordinance, and when they reached the police station it was discovered that appellant had a pistol on him. The appellant claimed that he was interested, or part owner, in this restaurant where he was taking supper; that it was on the way from his place of business to his home; that his place of business was some 100 yards from this restaurant; that he was running a saloon and that a witness, Brit Halford, came to him and asked

him for his key to go in the saloon, appellant's place of business, and he gave him the key and told him to look on the shelf and bring him his pistol and that the witness Halford brought him the pistol, and that he was going directly from his place home, but stopped in the restaurant to get something to eat, and was in the restaurant when he told witness Halford to bring him the pistol and when it was delivered to him, and that this was some five minutes before his arrest.

The court, among other things, charged the jury as follows: "Now, if you believe from the evidence beyond a reasonable doubt that defendant was handed his pistol in the restaurant, and that he immediately and without tarrying at said restaurant proceeded to take said pistol to his home by the most direct route practicable, then you will find him not guilty, and so say by your verdict." This charge was objected to at the time given, complained of in motion for new trial and earnestly insisted upon in this court. We think the court below erred in giving this charge and that the same was hurtful to appellant. It was an issue in the case as to whether the appellant at the time had the pistol unlawfully. The court required the appellant to prove his defense beyond a reasonable doubt before the jury would be authorized to acquit. This was not only erroneous, but fundamentally wrong. In no case is the burden on the defendant to prove his defense beyond a reasonable doubt. The burden rests upon the State to prove the crime beyond a reasonable doubt. It is not necessary to cite any authorities upon this subject.

Several other questions are presented in the record not necessary to notice, as they will not likely occur upon another trial.

For the error indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*